STEPHEN WHITNEY, plaintiff in error, vs. JAMES P. ALLAIRE, defendant in error.—*Judgment affirmed.* EDWARD SANDFORD, for plaintiff in error; FRANCIS B. CUTTING, for defendant in error.

This case decided, that where one conveys or leases to another his right in real estate, an action will lie for a fraudulent representation as to the territorial extent of such right. Also, the measure of damages in such a case, &c., (Reported, 1 Comstock, 305.)

JOHN NOBLE and others, plaintiffs in error, vs. EDWARD C. HALLIDAY, defendant in error.—*Judgment of the Supreme Court reversed, and that of the Superior Court affirmed.* L. LIVINGSTON, for plaintiffs in error; EDWARD SANDFORD, for defendant in error.

This case decided that under the statute (2 R. S. 464, § 41, 42, &c.) it was sufficient for a receiver of an insolvent corporation, on an application for a warrant against a debtor of the corporation to make the requisite proof for such warrant, *by his own oath, on information and belief.* (Reported, 1 Comstock, 330.)

JOHN A. MOORE, appellant, vs. THEODORE DES ARTS, respondent.—*Decree affirmed.* H. S. DODGE, for appellant; DANIEL LORD, for respondent.

This was a case in relation to the right of a purchaser to recover of the importer the drawback of duties on goods if exported within three years, where they were declared duty free in the meantime and the importer received back the duties he paid. (Reported, 1 Comstock, 359.)

ERNEST FIEDLER, appellant, vs. FERDINAND SUYDAM et al., respondents.—*Decree affirmed.* G. H. MUMFORD, for appellant; E. DARWIN SMITH, for respondents.

This was a cause of claims to surplus moneys brought into court. No particular principle was settled by the decision. It was a question of priority of claims and the amount of interest to be allowed on the surplus, under a certain stipulation with the bank where it was deposited, and who were assignees to the second lien upon the fund. (Not reported.)